HOLCOMB *v.* ALPENA POWER CO., LTD.

1. WATERS AND WATERCOURSES—POWER RIGHTS—EVIDENCE.
   In an action for setting back water on plaintiff's land by the maintenance of a dam, evidence in defendant's favor based on the testimony of engineers from observations and levels taken was not so conclusive as opposed to actual observations of results, and testimony of nonexpert witnesses that the trial court should have granted a new trial on the ground that the verdict was contrary to the weight of the evidence.

2. TRIAL—ARGUMENT—MISCONDUCT OF COUNSEL.
   Improper and indecent argument or expressions of plaintiff's counsel, objected to by defendant's attorney, who did not, however, ask for a ruling of the court, could not be treated as ground for reversal of a judgment in plaintiff's favor, in the absence of any action of the trial court.

Error to Alcona; Connine, J. Submitted April 24, 1913. (Docket No. 32.) Decided May 28, 1913.

Case by Samuel Holcomb against the Alpena Power Company, Limited, for flooding plaintiff's land. Judgment for plaintiff. Defendant brings error. Affirmed.

*Henry, Henry & Henry,* for appellant.

*Joseph H. Cobb,* for appellee.

OSTRANDER, J.   The principal issue upon the trial was whether in maintaining and operating a dam defendant held or set back water on plaintiff's lands to his damage and injury, in the years 1907, 1908, and 1909.   This issue the jury determined in plaintiff's favor and assessed his damages.   The jury answered in the negative the following special question:

"Was not plaintiff's land during the years 1907, 1908, and 1909 more than five feet above the level of the water as maintained by the dam used to its fullest capacity, except as to the south end of the S. W. ¼ of the N. W. ¼ of section 7, town 28 north, range 8 east."

During the argument of plaintiff's attorney to the jury language was used by him, the uttering of which was a contempt of court and an outrage of decency. A motion for a new trial was made and refused.   In substance, the grounds of the motion discussed in this court were:   (1) That the verdict was contrary to the great weight of evidence, and the damages assessed excessive;   (2) the answer to the special question is inconsistent with the facts established by the evidence, contrary to all the evidence submitted to the jury, and inconsistent with the general verdict;   (3) improper argument of counsel for plaintiff.

In this court appellant contends:   *First,* that it was error to refuse a new trial because of the excessive verdict;   *second,* the answer to the special question is inconsistent with all the evidence, and, being so, it is inconsistent with the general verdict, and the result is a mistrial;   *third,* the argument of plaintiff's attorney requires a reversal of the judgment.

It appears to be admitted by defendant that a small portion of the plaintiff's land may be affected by the water of Hubbard lake, held as the water is by its

dam. A series of levels, made by engineers, as reported and testified to by them, shows that otherwise the surface of the land is five feet or more above the level of the lake when the level is the highest. The testimony of the engineers is regarded as conclusive by defendant, opposed as it is by testimony of non-scientific observation, and corroborated, as it is claimed it is, by the testimony showing the character of the soil, the absence of drainage ditches in the land, and the ordinary level of the lake. In short, it is claimed that the infirmity of plaintiff's theory was demonstrated, and that the jury should not have been permitted to determine whether the water of the lake affected land distant from its banks from three-fourths of a mile to a mile and a half; the level of the land being five feet higher than the level of the water. In making the claim we think counsel lose sight of the fact that the testimony of the engineer may not have been believed by the jury, when contrasted, as it was, with the testimony of other witnesses tending to prove conditions which have existed since the dam of defendant was repaired and the water thereby held at levels variable but from two to four feet higher than formerly. It does not appear that the court was asked to determine that with respect to a part of the land—the most of it—the testimony was conclusive that it could not have been affected by the water, or to charge the jury that in awarding damages they must consider only the testimony of injury to a limited portion of the land. As to the character of the soil, the depth below the surface thereof that water could be, and was, found, and the effect of ditches under the existing conditions, there was conflicting testimony, and, upon the whole record, giving due consideration to the answer to the special question, and the testimony which supports the answer, we cannot say that the general verdict is so clearly against the weight of evidence that it should have been set aside.

As to the argument of counsel for plaintiff, no ruling was asked for and none was made. The only objection interposed was to the use of the indecent expressions which have been referred to. They were expressions, for the use of which by a lawyer, in the trial of a cause in court, no sufficient apology can be made. That they produced an effect favorable to the plaintiff we cannot believe. We, therefore, decline to disturb the verdict and judgment because of the misconduct of counsel. The proper discipline of counsel in such cases is for the trial court.

The judgment is affirmed.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.